# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### CENTRAL DIVISION

**UNITED STATES OF AMERICA**

**-vs-**                                    **Case No.: 08-4045-CR-C-NKL**

**WENDY ELAINE BENTZEN**

                                           **USM Number: 20508-45**

                                           Troy K. Stabenow, FPD
                                           221 Bolivar St., Ste. 104
                                           Jefferson City, MO 65101

_____

### JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Count 1 of the Information on September 29, 2008 . Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. 1344 | Bank Fraud | 2/12/07 | 1 |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

                            Date of Imposition of Sentence: May 27, 2009


                                           /s Ortrie S. Smith
                                           ORTRIE D. SMITH
                                           UNITED STATES DISTRICT JUDGE

                                           May 28, 2009


AO 245B (Rev. 12/03) Judgment in a Criminal Case

# PROBATION

The defendant is hereby placed on probation for a term of **5 Years** on Count 1 of the Information.

While on probation, the defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or restitution, it is a condition of supervision that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1.    The defendant shall not leave the judicial district without the permission of the court or probation officer;

2.    The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3.    The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4.    The defendant shall support his or her dependents and meet other family responsibilities;

5.    The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6.    The defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;

7.    The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8.    The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9.    The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10.    The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11.    The defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;

12.    The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13.    As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the

defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

# ADDITIONAL CONDITIONS OF PROBATION

The defendant shall also comply with the following additional conditions of probation:

1. The defendant shall pay any restitution balance on the schedule set by the Court.

2. The defendant shall successfully participate in a substance abuse counseling program, which may include urinalysis, sweat patch, or Breathalyzer testing, as approved by the Probation Office, and pay any associated costs as directed by the Probation Office.

3. The defendant shall not incur new credit card charges or open additional lines of credit without the approval of the Probation Office, while court-ordered financial obligations are outstanding.

4. The defendant shall provide the Probation Officer access to any requested financial information.

5. The defendant shall participate in the Home Detention program for **6 Months,** which may include electronic monitoring, with costs to be paid as directed by the Probation Office.

6. The defendant shall consent, at the direction of the United States Probation Officer, to having any hardware or software systems installed on the defendant's computers, at the defendant's expense, to monitor computer use.

7. While on supervised release, the defendant is prohibited from entering any casinos, gambling establishments, or establishments that provide gaming or gambling machines for public use.

8. The defendant shall consent to the US Probation Office conducting periodic unannounced examinations of your computer(s) hardware and software which may include retrieval and copying of all data from your computer(s). This also includes the removal of such equipment, if necessary, for the purpose of conducting a more thorough inspection.

9. The defendant is prohibited from securing employment that requires any fiduciary responsibilities.

10. The defendant is to cooperate fully with AFSCME Local 72 in paying outstanding financial obligations is the amount of $2,888.36.

11. When not attending college, the defendant must perform community service work of 100 hours each year during the 5-year term of probation.

## ACKNOWLEDGMENT OF CONDITIONS

I have read or have had read to me the conditions of supervision set forth in this judgment and I fully understand them. I have been provided a copy of them.

I understand that upon finding of a violation of probation or supervised release, the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

_____     _____
Defendant                                                              Date


_____     _____
United States Probation Officer                               Date

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments set forth in the Schedule of Payments.

| Total Assessment | Total Fine | *Total Restitution |
|---|---|---|
| $100.00 | $ | $32,256.60 |

The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid in full prior to the United States receiving payment.

You are hereby ordered to begin payment immediately and continue to make payments to the best of your ability until this obligation is satisfied. While in custody you are directed to participate in the Bureau of Prisons Financial Responsibility Program, if eligible, and upon your release from custody you shall adhere to a payment schedule as determined by the Probation Office.

| Name of Payee | Total Loss | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Travelers Casualty and Surety Company of America ATTN: Maryann Jaworski One Tower Square-Mail Drop 2S Hartford, CT 06183 | $32,256.60 | $32,256.60 | |

The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

The Court has determined that the defendant does not have the ability to pay interest, and it is ordered that:

The interest requirement is waived for the restitution.

Note: Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

* See separate Restitution Judgement for further details

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

Lump sum payment of **$100.00** Special Assessment is due immediately.

Restitution in the amount of $32,256.60 is imposed. A lump sum payment of the full amount is ordered due immediately. If unable to pay the full amount immediately, while on Probation, the defendant shall make monthly payments of $200.00 or 10% of gross income, whichever is greater.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

AO 245B (Rev. 12/03) Judgment in a Criminal Case